UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Dell Layfette Carter, # 226198, ) | C/A No. 3:06-1188-TLW-JRM |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | Report and Recommendation |
| Jon Ozmint, Director; ) | |
| Willy Eagleton, Warden; ) | |
| Henry McMaster, Attorney General of the State of South ) | |
| Carolina, ) | |
| ) | |
| Respondents. ) | |

The Petitioner, Dell L. Carter (Carter), is a state prisoner proceeding *pro se* under Title 28 United States Code Section 2254. By definition, the relief which Carter seeks must be based upon a finding that he is being illegally detained in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. §2241(b)(3). Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court.

## **BACKGROUND**

Carter is currently incarcerated at Evans Correctional Institution in South Carolina. On April 7, 1995, after jury trial, he was convicted on a charge of threatening a public official. His conviction was affirmed by the South Carolina Court of Appeals in State v. Carter, 478 S.E. 2d 86 (S.C.Ct. App. 1996), cert.denied by the S.C. Supreme Court on April 2, 1997. On January 23, 1997, after a second jury trial, Carter was also convicted of Armed Robbery and Assault and Battery with Intent

1

to Kill (ABIK) and sentenced to forty (40) years imprisonment.

In his § 2254 petition, Carter alleges that his convictions were the result of an unlawful investigative stop and arrest in violation of due process requirements and other protections set forth in the United States Constitution.

## *PRO SE* PETITION

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. The review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340, 60 U.S.L.W. 4346 (1992); Neitzke v. Williams, 490 U.S. 319, 324-325, (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951, (4th Cir. 1995)(*en banc*), *cert. denied*, Nasim v. Warden, Maryland House of Correction, 516 U.S. 1177 (1996); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); and Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979). *Pro se* complaints are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, Leeke v. Gordon, 439 U.S. 970 (1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See* Hughes v. Rowe, 449 U.S. 5, 9 (1980); and Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint the plaintiff's allegations are assumed to be true. Fine v. City of New York, 529 F.2d 70, 74 (2nd Cir. 1975). However, even under this less stringent standard, the complaint submitted in the above-captioned case is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim

currently cognizable in a federal district court. Weller v. Department of Social Services, 901 F.2d 387, (4th Cir. 1990).

## **PRIOR PETITIONS UNDER 28 U.S.C. § 2254**

The present petition is the tenth filed by Carter with respect to one or both of the convictions described above:

    Carter v. 16th Judicial Circuit, et al., 3:96-1370, filed May 7, 1996, dismissed on June 13, 1996, for failure to exhaust state remedies with no appeal taken from the dismissal;

    Carter v. Pope, et al., 3:97-2747, filed September 10, 1997, dismissed on February 23, 1998, as a "mixed petition" under Rose v. Lundy, 455 U.S. 509 (1982) with no appeal taken from the dismissal;

    Carter v. Harris, 3:99-0285, filed January 27, 1999, dismissed on August 5, 1999, as untimely under the Anti-Terrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2244(d)(1) with no appeal taken from the dismissal;

    Carter v. Harrison, 3:99-1999, filed June 21, 1999, dismissed on August 5, 1999, as untimely under the Anti-Terrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2244(d)(1) (consolidated with 3:99-0285) with no appeal taken from the dismissal;

    Carter v. Harrison, 3:99-2001, filed June 21, 1999, dismissed on August 5, 1999, as untimely under the Anti-Terrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2244(d)(1) (consolidated with 3:99-0285) with no appeal taken from the dismissal;

    Carter v. Harrison, 3:99-4083, filed December 14,1999, dismissed on January 11, 2000, August 5, 1999, as successive under 28 U.S.C. § 2244(b)(3)(A) and requiring prior leave from the United States Court of Appeals for the Fourth Circuit with no appeal taken from the dismissal;

    Carter v. Harrison, 3:00-1352, filed May 24, 2000, (attacking his 1997 conviction and implying that a belated appeal had been taken but no application of Post-Conviction Relief), dismissed on June 26, 2000, for failure to exhaust state remedies with no appeal taken from the dismissal;

    Carter v. Harrison, 3:99-4083, filed May 30, 2001, dismissed on June 18, 2001, as successive under 28 U.S.C. § 2244(b)(3)(A) and requiring prior leave from the

United States Court of Appeals for the Fourth Circuit with no appeal taken from the dismissal.
<u>Carter v. State</u>, 3:03-1870, filed June 4, 2003, dismissed on October 24, 2003, as successive under 28 U.S.C. § 2244(b)(3)(A) and requiring prior leave from the United States Court of Appeals for the Fourth Circuit with no appeal taken from the dismissal.

This Court may take judicial notice of these prior proceedings. <u>Colonial Penn Ins. Co. v. Coil</u>, 887 F.2d 1236, 1239 (4th Cir. 1989); <u>Shop v. Bell & Howell</u>, 872 F.2d 1178, 1182, 1989 (4th Cir. 1989); <u>Days v. Bounds</u>, 509 F. 2d 66 (4th Cir. 1975); <u>Mann v. Peoples First National Bank & Trust Co.</u>, 209 F.2d 570, 572 (4th Cir. 1954).

## SUMMARY DISMISSAL RECOMMENDED

Nothing has changed in the law nor in the facts underlying Carter's petitions for *habeas corpus* relief. The current petition is successive to the cluster of petitions filed in 1999, which at that date were already untimely under the AEDPA statute of limitations. In order for this Court to entertain the current petition, Carter must seek and obtain leave (i.e., written permission) from the United States Court of Appeals for the Fourth Circuit. He can obtain the necessary forms for doing so from the Clerk's Office of the United States court of Appeals for the Fourth Circuit, 1100 East Main Street, Suite 501, Richmond, Virginia 23219-3517.

Accordingly, it is recommended that the above-captioned case be dismissed without prejudice and without requiring the respondents to file a return. *See* <u>Allen v. Perini</u>, 424 F.2d 134, 141 (6th Cir. 1970)(federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return), <u>cert. denied</u>, 400 U.S. 906 (1970). ***The petitioner's attention is directed to the notice on the next page.***

April 26, 2006                                      s/Joseph R. McCrorey
Columbia, South Carolina                  United States Magistrate Judge

## Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
## &
## The Serious Consequences of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within ten (10) days of the date of service. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections. *See* Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995). Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, *supra*, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). This notice, hereby, apprises the plaintiff of the consequences of a failure to file specific, written objections. *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

Larry W. Propes, Clerk<br>
United States District Court<br>
901 Richland Street<br>
Columbia, South Carolina  29201